SIDNEY TISH and Others, Appellants, v. KRUEGER BEVERAGE COMPANY, Respondent.—Action for breach of contract to deliver cereal beverages and malt tonics to plaintiffs, members of Triboro Beverage Dealers, Inc., and Cereal Beverage Dealers Protective Association, Inc. Judgment dismissing the complaint on the merits at close of plaintiffs' case reversed on the law and a new trial granted

with costs to appellants to abide the event. In our opinion plaintiffs established a *prima facie* case. The original agreement provided it " shall not become effective until thirty-five (35) of the present members of the said Association have become parties hereto." Six of the plaintiffs did not sign the original agreement, but it appears they did sign a duplicate original and that defendant accepted the notes and chattel mortgages of all the plaintiffs as provided by the agreement. This evidence raised at least a question of fact as to whether the six were parties to the agreement. If they were, then more than the required number of the members of the association became parties to it. That plaintiffs suffered substantial damage is clear. While at the time plaintiffs rested proof of the exact amount of the damage of each was lacking, plaintiffs rested subject to making actual computations of damage and offering the chattel mortgages which were to be furnished the following morning, and the court said, " I will let you offer them some time later in the trial." At the conclusion of the argument on the motion to dismiss the court granted the motion. Under the circumstances defendant should not now be heard to say that there was insufficient proof of damages. In view of the foregoing, the appeal from the order denying plaintiffs' motion to amend the minutes so as to read that the complaint is dismissed for failure of proof, and the appeal from the order denying plaintiffs' motion to amend the judgment so as to read that the dismissal of the complaint is without prejudice, are dismissed. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.